<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| QUAISHAWN RAY, | : | |
| | : | Civil No. 10-1818 (RBK) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES MIDDLESWORTH | : | |
| | : | |
| Defendant. | : | |
| | : | |

**APPEARANCES:**

QUAISHAWN RAY, #177880, Plaintiff <u>Pro Se</u>
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**KUGLER**, District Judge:

Quaishawn Ray, a prisoner incarcerated at Atlantic County Justice Facility, seeks to bring

this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court will grant Plaintiff's

application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and direct the Clerk to file the Complaint without

prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1915(a).  Having reviewed Plaintiff's allegations,

this Court will dismiss the Complaint.

## I.  BACKGROUND

Plaintiff brings this action against police officer William Warner and Superior Court of

New Jersey Judge Charles Middlesworth.  He asserts the following facts:

Ofc. William Warner arrested me he did not read me my miranda rights and he
also presented false information to get an indictment.  Judge Charles
Middlesworth is violating my rights because I am still bein[g] held when my co-
defendant already took full responsibility as of Sept. 24, 2009 and got sentenced

Oct. 20, 2009.  I am aware that 2 or 3 people cannot possess one weapon.  The judge has a sworn statement and I'm still bein[g] held this is double jeopardy.  I was suppose[d] to get the charge dismissed before I got indicted but they went ahead an[d] indicted me anyway because ofc. William Warner gave false information that ofc. doesn't like me he has something against me.  This is false imprisonment.

(Docket Entry #1, p. 4.)

For violation of his constitutional rights, Plaintiff seeks dismissal of the charges and 10 million dollars in damages.  (Docket Entry #1, p. 5.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than
> an unadorned ["]the-defendant-unlawfully-harmed-me["]

2

accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.  Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'"  Id. at 557 (brackets omitted).  [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . .  It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process.  Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was applied to federal complaints before Twombly.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

alleged." Iqbal, 129 S. Ct. at 1949. To determine the sufficiency of a complaint under the

pleading regime established by Iqbal and Twombly,

> a court must take three steps: First, the court must "tak[e] note of
> the elements a plaintiff must plead to state a claim." Iqbal, 129 S.
> Ct. at 1947. Second, the court should identify allegations that,
> "because they are no more than conclusions, are not entitled to the
> assumption of truth." Id. at 1950. Finally, "where there are well-
> pleaded factual allegations, a court should assume their veracity
> and then determine whether they plausibly give rise to an
> entitlement for relief." Id.

Santiago v. Warminster Township, __ F. 3d __, 2010 WL 5071779 at *4 (3d Cir. Dec. 14, 2010);

see also Fowler, 578 F.3d at 210-11 ("a complaint must do *more than allege the plaintiff's*

*entitlement to relief*. A complaint has to "show" such an entitlement with its facts") (emphasis

supplied). The Court is mindful that the sufficiency of this pro se pleading must be construed

liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

With these precepts in mind, the Court will determine whether any federal claim raised in the

Complaint and Amended Complaint should be dismissed.

### III. DISCUSSION

A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising

under this Constitution, the Laws of the United States, and Treaties made, or which shall be

made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Section 1983

of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a

violation of his federal civil rights by a person who was acting under color of state law. Section

1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,

> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person

deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

United States, and (2) the deprivation was done under color of state law.  See West v. Atkins,

487 U.S. 42, 48 (1988).

This Court will dismiss Judge Middlesworth as defendant because a judge is immune

from suit for damages under § 1983.  "[J]udges . . . are not liable to civil actions for their judicial

acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done

maliciously or corruptly."  Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting

Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)).  To the extent that Plaintiff seeks an order

directing Judge Middlesworth to dismiss the criminal case pending in the New Jersey Superior

Court against Plaintiff, this claim for injunctive relief will be dismissed because such a request is

barred by the doctrine of Younger v. Harris, 401 U.S. 37 (1971), which forbids federal court

interference in pending state court proceedings.[2]  Similarly, Plaintiff's request for release is not

cognizable under § 1983 because the exclusive federal remedy for an inmate challenging his

confinement is a petition for a writ of habeas corpus, which requires the exhaustion of state court

---

[2] In Younger, the Supreme Court held that principles of equity and comity require district
courts to abstain from enjoining pending state criminal proceedings absent extraordinary
circumstances.  See also Samuels v. Mackell, 401 U.S. 66, 69-73 (1971) (Younger abstention
doctrine applies to declaratory judgment actions).

remedies.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); see also Wolff v. McDonnell, 418

U.S. 539, 554 (1974).[3]

Plaintiff asserts that Officer Warner violated his constitutional rights by failing to read

Plaintiff his Miranda rights at the time of arrest and obtaining an indictment from a state grand

jury by presenting false information.  To the extent that Plaintiff seeks damages for Warner's

presentation of false information to obtain an indictment from a grand jury, the claim fails.  A

person's false statement to the police or in a criminal proceeding is not, without more, state action

under § 1983.  See Briscoe v. LaHue, 460 U.S. 325, 329-330 (1983); Adickes v. S.H. Kress &

Co., 398 U.S. at 152; Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1989).  Moreover, a witness

enjoys absolute immunity from damages under § 1983 for false testimony.  See Briscoe v.

LaHue, 460 U.S. at 330-346 (police officer who testifies in criminal trial enjoys absolute witness

immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.16 (3d Cir.

1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony);

Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity

from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression

hearings).

Plaintiff also claims damages based on the alleged failure of Officer Warner to read

Plaintiff his Miranda rights.  Miranda v. Arizona, 384 U.S. 436 (1966), prohibits the government

from using "statements, whether exculpatory or inculpatory, stemming from custodial

---

[3] The Supreme Court held in Preiser that a person may not obtain equitable relief under
42 U.S.C. § 1983 releasing him from confinement.  When person in custody is "challenging the
very fact or duration of his physical imprisonment, and the relief he seeks is a determination that
he is entitled to immediate release or a speedier release from that imprisonment, his sole federal
remedy is a writ of habeas corpus."  Preiser, 411 U.S. at 500.

interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Id. at 444. Miranda requires that, prior to a custodial interrogation, police must warn a person that he has a right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be provided. Id. at 479. The problem with Plaintiff's § 1983 Miranda claim is that "questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial." Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003); see also Chavez v. Martinez, 538 U.S. 760 (2003). Because nothing alleged in the Complaint supports an inference that Plaintiff made a statement to Officer Warner which was used against Plaintiff at trial to obtain a criminal conviction, Plaintiff's § 1983 claim based on failure to provide the Miranda warnings fails. See Renda, 347 F.3d at 559 (right against self-incrimination not violated where police used statements obtained from a custodial interrogation where the plaintiff was not warned of his Miranda rights as a basis for filing criminal charges, but charges were later dismissed).

Because the claims against all named defendants fail, this Court is constrained to dismiss the entire Complaint for failure to state a claim upon which relief may be granted. This Court will not grant leave to file an amended complaint because nothing set forth in the Complaint indicates that Plaintiff could assert facts against either of the named defendants that would state a cognizable claim under 42 U.S.C. § 1983.

## IV.  CONCLUSION

For the reasons set forth above, the Court will grant Plaintiff's application to proceed <u>in</u>

<u>forma</u> <u>pauperis</u> and dismiss the Complaint.


s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**


Dated:    January 6    , 2011